IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         No.    CV 16-524 JAP/GBW
                                                      CR 11-282 JAP

ROMAN KIRBY,

      Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On June 3, 2016, Roman Kirby filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Motion). *Doc. 1.*[1] Defendant contends that his sentence for the offense of being a felon in possession of a firearm was statutorily increased on the basis of predicate offenses that only qualified as "violent felonies" under the residual clause of the Armed Career Criminal Act (ACCA). *Doc. 1 at 4.* After Defendant was sentenced, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557-61 (2015).[2] Defendant argues that

---

[1] Citations to "*doc.*" refer to docket numbers filed in Case No. 16-CV-524-JAP/GBW. Citations to "*cr. doc.*" refer to the attendant criminal docket, Case No. 11-CR-282-JAP. For filings made on both dockets, only the civil docket number is given.

[2] The Supreme Court has instructed that its *Johnson* decision is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Because Defendant filed his § 2255 petition within one year of the Supreme Court's decision in *Johnson*, it is properly before the Court to decide whether *Johnson* applies to—and justifies vacating—Defendant's sentence, which was enhanced under the ACCA. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

1

his predicate offenses underlying the ACCA enhancement to his sentence are no longer "violent felonies" under the other clauses of the ACCA. Defendant claims he is entitled to resentencing without the application of the ACCA's minimum fifteen-year sentence of imprisonment. *See doc. 12* at 7-22.

The Magistrate Judge filed his Proposed Findings and Recommended Disposition (PFRD) on February 16, 2017. *Doc. 13*. The Magistrate Judge recommended denying Defendant's Motion on the basis that each of Defendant's predicate offenses—Aggravated Assault on a Peace Officer, Shooting at or from a Motor Vehicle / Aggravated Battery, and Attempted Murder—constitutes a "violent felony" under the ACCA's "elements clause." *Id.* at 9-27. The elements clause defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B). Accordingly, the Magistrate Judge recommended finding that Defendant had at least three "violent felony" offenses justifying the application of the ACCA enhancement, irrespective of the residual clause. *Id.* at 37. The Magistrate Judge alternatively recommended that if the Court were to find that one of the other three predicate offenses is not a violent felony, the Court should find that Defendant's past bribery offense is also a violent felony under the ACCA's elements clause; and, this would be a valid alternative predicate for the application of the ACCA to Defendant's sentence. *Id.* at 28-34, 37.

2

Defendant sought and was granted an extension of time to file objections to the PFRD until April 10, 2017. *Docs. 14, 15*. However, Defendant has not filed objections to the PFRD, and, upon review of the record, I concur with the Magistrate Judge's findings and recommendations.

IT IS ORDERED that the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 13*) is ADOPTED and Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (*Doc. 1*) is DENIED and will be DISMISSED with prejudice.

_____
JAMES A. PARKER
SENIOR UNITED STATES DISTRICT JUDGE